IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANDRE DUHREAL FLAGG-EL, #310 705, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | CASE NO. 1:21-CV-763-WHA-SRW [WO] |
| SHARON KING, et al., | ) ) ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Ventress Correctional Facility, filed this *pro se* 42 U.S.C. § 1983 action on November 12, 2021. On December 6, 2021, the Court directed Plaintiff to forward to the Clerk of Court an initial partial filing fee in the amount of $23.33 by December 27, 2021. Doc. 7.  The Court informed Plaintiff his failure to comply with the December 6th order would result in a recommendation that his complaint be dismissed.  Doc. 7 at 3.  To date, Plaintiff has not submitted the initial partial filing fee or otherwise complied with the Court's December 6, 2021, order.

Because of Plaintiff's failure to comply with the Court's orders, the undersigned concludes that this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage

their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

It is ORDERED that **by February 8, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, on this the 25th day of January, 2021.

/s/ Susan Russ Walker  
Susan Russ Walker  
United States Magistrate Judge